is, whether new acts in contravention of the general spirit and policy of the laws, can be brought within any of its prohibitions, and subjected to a specific penalty. However willing the court might be to attain that end, it cannot strain or force the language used beyond its fair and usual meaning. We are not authorized, upon our notion of the general policy and purpose of the statute to inflict penalties, which the terms thereof according to their ordinary acceptation do not create. We cannot doubt that the mischief of regularly conveying letters by railroad is quite as great as carrying them by a man on foot or by horses. But is the court therefore authorized to say, that a person travelling in a railroad car is a man travelling on foot, or that a train of railroad cars moved by a steam engine may constitute a foot post?

There are several cases which have been decided in the courts of the United States, in which it would seem that the terms used in revenue and other acts, might more easily have been brought to create liabilities and forfeitures, in furtherance of the evident purposes and policy of the statute, than in the present case—and yet the court declined giving them such extended construction. Sugar dissolved in water was held not to be "sugar," so as to be subject to duties as such. U. S. v. 112 Casks Sugar, 8 Pet. [33 U. S.] 277. Loaf sugar which had been "crushed" and then imported, held not to be loaf sugar under the statute imposing a duty on that article. U. S. v. Breed [Case No. 14,638]. Worsted shawls with cotton borders, or worsted suspenders with cotton straps—held not to be manufactures of wool, or of which wool is a component part, although worsted is made of wool. Elliot v. Sturtevant, 10 Pet. [35 U. S.] 150. This also was under a revenue act. Driving living fat oxen across the lines to the enemy in time of war held not to be a transportation of them. U. S. v. Shelton, 2 Wheat. [15 U. S.] 120. In this case the court say, "that the mischief is the same affords no good reason for construing a penal law by equity, so as to extend it to cases not within the correct and ordinary meaning of the expressions of the law." In U. S. v. Breed [supra] it is said, that it defeats the general policy of the act is no ground for constraining construction. So also that "a wide door will be opened for the admission of frauds" upon the revenue is no reason for different practical constructions of the acts of congress. U. S. v. 200 Chests of Tea, 9 Wheat. [22 U. S.] 443, 444. A whaling voyage held not to be a foreign voyage, so as to require bond to be given to bring home the crew, although admitted to be within the mischief to be prevented and the policy to be promoted. Taber v. U. S. [Case No. 13,722] and it is there said: "The language (of a statute) is not to be employed to cover a case standing upon similar grounds, if the ordinary interpretation of the terms would not reach it." Again in Adams v. Bancroft [Id. 44] the court say: "Laws are never construed beyond the natural import of the language, and duties are never imposed upon the citizens upon doubtful interpretations; for every duty imposes a burden on the public at large, and is construed strictly, and must be made out in a clear and determinate manner from the language of the statute."

I shall instruct the jury: (1) That if a passenger in a railroad car or steamboat, passing over a post road or route, carry a letter without the knowledge or consent of the owner of the car or steamboat, or any of his agents or servants, such owner is not liable to the penalty provided by the nineteenth section of the act of 1825, c. 275 [3 Story's Laws, 1990 (4 Stat. 107, c. 64)]. (2) That such knowledge or assent are not to be presumed from the facts admitted in this case. (3) That the person who sends such letter by such passenger is not liable to the penalty provided by the twenty-fourth section of said act, unless the owner of the car or steamboat is liable to the penalty provided by the nineteenth section of said act. (4) That the setting up of a post by railroad car or steamboat is not setting up a foot post, within the meaning of the third section of the statute of 1827, c. 218. [3 Story's Laws, 2066 (4 Stat. 238, c. 61)].

Verdict for the defendant.

## Case No. 15,532.
### UNITED STATES v. KING.
[Cited in U. S. v. Lee, Case No. 15,585. Nowhere reported; opinion not now accessible.]

## Case No. 15,533.
### UNITED STATES v. KING.
[4 Ben. 476;[1] 13 Int. Rev. Rec. 12.]

District Court, E. D. New York. Jan., 1871.

INTERNAL REVENUE — ILLEGAL ASSESSMENT — CAPACITY OF A DISTILLERY.

1. Where the producing capacity of a distillery had been determined by a survey, in accordance with section 10 of the act of July 20, 1868 (15 Stat. 129), and the assessor subsequently, without any new survey being held, determined that the producing capacity was greater, and assessed the distillery accordingly, and a suit was brought on the distiller's bond to recover the excess of the assessment above that which would have been otherwise assessed.

2. The assessment was void, and the excess could not be recovered.

3. Under that section, when the capacity of a distillery, as determined from the original survey, is sought to be changed by the government, it can only be done by a new survey, directed by the commissioner of internal revenue.

At law.

BENEDICT, District Judge. This action is brought upon a distiller's bond to recover the

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]